IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFF POFF,

                Plaintiff,

  v.

LT. SCULLION, LT. LUCAS BROWN, JACOB           ORDER
CIRIAN, TONY BROADBENT, DR. HOEM, SGT.
HULCE, SGT. FISHNICK, ICE E. RAY, ICE JAY         23-cv-162-wmc[1]
PAYNE, CPT. COLLINS, SGT. KEPHART, SGT.
KROLIKOWSKI, JON DOE SARGENTS, CO II
MEZERAJ, and JAMIE ADAMS,

                Defendants.

---

      Pro se plaintiff Jeff Poff filed a complaint alleging that defendants violated his civil rights in several ways, including by falsely accusing him of keeping a legal CD as contraband. Dkt. 1. Poff then filed an amended complaint to supplement the complaint's allegations and add new defendants. *See* Dkt. 8 and Dkt. 10. Later, Poff filed a supplemental brief that is similar to the amended complaint, and serves to supplement the complaint's allegations and add new defendants. *See* Dkt. 11 and Dkt. 12. Poff's allegations are now spread across four documents totaling approximately 30 pages. Poff alleges several claims against multiple defendants based on various events, further obscuring the factual basis of his claims.

      Because Poff's allegations are unduly disorganized and confusing, I will order him to file a second amended complaint to clarify the factual basis of his claims. Poff must file his second amended complaint on the court's prisoner complaint form. If Poff needs any further space to allege his claims, he may submit no more than eight supplemental pages. Any

---

[1] I am exercising jurisdiction over this case solely for screening purposes.

handwritten or typewritten text on the form or any supplemental sheet must be large enough, with a space between paragraphs and adequate margins for the court to read it easily. Poff's pleadings do not meet this standard.

In drafting his second amended complaint, Poff should be mindful that, to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. Rule 8(a)(2). Poff's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Poff should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Poff should identify the claims he wishes to allege in the second amended complaint, but should omit any legal arguments. Poff may join multiple defendants only when his claims "arise from the same set of events and share a common question of law or fact." *See Decker v. Fed. Bureau of Prisons*, No. 22-2475, 2023 WL 2942455, at *2 (7th Cir. Apr. 14, 2023).

Poff should carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of federal law. Poff must explain what each defendant did, or failed to do, to violate his federal rights, and should avoid referring to defendants collectively. Poff should also identify by full name all the individuals he wishes to sue in the second amended complaint's caption. If Poff does not know the name of an individual who allegedly violated his federal rights, he may name that individual as a Doe defendant in the second amended complaint's caption and body. To the extent feasible, Poff should give each Doe defendant as specific a name as possible, such as "John Doe Day Shift Correctional Officer," or "Jane Doe Night Shift Nurse."

ORDER

IT IS ORDERED that:

1. Plaintiff Jeff Poff's complaint, Dkt. 1, amended complaint, and supplemental briefs are DISMISSED. Dkt. 1; Dkt. 8; Dkt. 11; Dkt. 12.

2. Plaintiff's motion for clarification, Dkt. 10, is DENIED as moot.

3. Plaintiff may have until July 28, 2023, to file a second amended complaint that fixes the problems identified in this order.

4. The second amended complaint will act as a complete substitute for the earlier pleadings. This case will proceed on only the allegations made and claims presented in the second amended complaint, and against only the defendants specifically named in the second amended complaint's caption.

5. If plaintiff does not comply with this order, I may dismiss the case.

6. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

7. It is plaintiff's obligation to inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed for failure to prosecute.

8. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered June 28, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge