IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFF POFF,

        Plaintiff,

v.

LT. SCULLION,

        Defendant.

ORDER

23-cv-162-wmc

---

*Pro se* plaintiff Jeff Poff filed this lawsuit claiming that various prison officials at Wisconsin Secure Program Facility ("WSPF") violated his civil rights in several ways. On September 15, 2023, Judge James Peterson screened Poff's second amended complaint (dkt. #25), granting Poff leave to proceed on excessive force and conscious-disregard-of-safety claims against defendant Lt. Scullion and dismissing several other defendants who were not mentioned in the body of the complaint. (Dkt. #26.) Between September 19 and 25, 2023, Poff filed several documents: (1) an eight-page supplement entitled "Continuation of Statement of Claim," which appears to contain additional allegations about the defendants dismissed from the case (dkt. #28); (2) a letter stating that he intends to appeal the court's previous order and resubmit his second amended complaint to include the additional allegations for consideration (dkt. #29); and (3) a third proposed amended complaint that includes the eight-page supplement (dkt. #30). On September 28, 2023, before the court had a chance to review his latest submissions, Poff filed a notice of appeal. (Dkt. #32.) Now Poff has filed a motion for clarification (dkt. #35) and a motion to alter or amend the screening order (dkt. #36), in which he explains that the court erroneously

docketed the Continuation of Statement of Claim in another case and mailed it back to him for signing on September 18, by which time this court already had screened the second amended complaint. Poff says that it was a mistake for him to file a notice of appeal and asks this court to reconsider its previous order and screen the allegations contained in the Continuation of Statement of Claim and third amended complaint (dkt. #30).

As a general rule, the filing of a notice of appeal deprives the district court of jurisdiction over aspects of the case involved in the appeal. *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006). Although it does appear that the court mistakenly overlooked Poff's additional allegations due to a docketing error, the court no longer has jurisdiction to screen those allegations because the scope of Poff's claims is the central issue on appeal. Poff should be aware that the notice of appeal triggers a financial obligation. The Seventh Circuit directs that an appellate docketing fee ($505) is due immediately upon the filing of a notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997). That fee or a motion to proceed in forma pauperis is due October 30, 2023.

Poff has suggested that he made a mistake in filing an appeal. If Poff wishes to withdraw his appeal and avoid the $505 filing fee, he must notify this court and ask the Seventh Circuit Court of Appeals for permission to withdraw his appeal. This court will screen Poff's third amended complaint when and if the case is remanded from the court of appeals.

ORDER

IT IS ORDERED that plaintiff Jeff Poff's motion for clarification (dkt. #35) and motion to alter or amend judgment (dkt. #36) and motions to screen his third amended complaint (dkts. ##28-29) are DENIED without prejudice. By October 30, 2023, plaintiff must either pay the $505 appellate filing fee, file a motion to proceed in forma pauperis, or ask the Seventh Circuit for permission to withdraw his appeal.

Entered this 18th day of October, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge