IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFF POFF,

                      Plaintiff,                              OPINION AND ORDER

    v.

                                                             23-cv-162-wmc

LIEUTENANT SCULLION,

                      Defendant.

---

Plaintiff Jeff Poff, who is representing himself, is incarcerated by the Wisconsin Department of Corrections ("DOC") at Waupun Correctional Institution. Poff was granted leave to proceed on Eighth Amendment claims for excessive force and conscious disregard for his safety against defendant, Lieutenant Matthew Scullion. (Dkt. #26.) Scullion has filed a motion for partial summary judgment on the ground that Poff failed to exhaust administrative remedies on his excessive-force claim.[1] (Dkt. #62.) For reasons explained below, this motion will be granted.

BACKGROUND

While confined at the Wisconsin Secure Program Facility ("WSPF") in July 2022, Poff was issued a conduct report for stealing a computer disc. Poff contended that this conduct report was false. During the process of placing Poff in disciplinary segregation, Poff further alleges that defendant Lieutenant Scullion sprayed him with three bursts of a chemical agent despite knowing that Poff had asthma, and when Poff reached the segregation unit, he told Scullion that he was suicidal.

---

[1] Because defendant Scullion does not move for summary judgment on plaintiff's conscious-disregard claim, the court characterizes the motion as one for partial summary judgment.

Even so, Scullion did not place Poff in restraints, and Poff later injured his hand. Based on these allegations, the court granted Poff leave to proceed with claims against Scullion under the Eighth Amendment for: (1) using excessive force by spraying him with a chemical agent; and (2) for consciously disregarding Poff's safety by ignoring his threat of self-harm. (Dkt. #26.)

## OPINION

The Prison Litigation Reform Act ("PLRA") bars a prisoner's civil action about prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To satisfy the exhaustion requirement, a prisoner must follow all the prison's rules for completing its grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requires: (1) following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The exhaustion requirement, which is mandatory, is designed to afford prison administrators an opportunity to investigate and resolve grievances without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). A prisoner is required to provide notice of his claim by specifying "the nature of the wrong for which redress is sought . . . [to give] prison officials a fair opportunity to address his complaint." *Jackson v. Esser*, 105 F.4th 948, 959 (7th Cir. 2024) (internal quotations and citations omitted). Thus, exhaustion is required "even if . . . the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *see also Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir.

2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement.").

Even so, a prisoner's failure to exhaust is an affirmative defense, which defendants must accordingly prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). In particular, at summary judgment, defendants must show that there is no genuine dispute of material fact as to plaintiff's failure to exhaust, and therefore, they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To exhaust administrative remedies, a Wisconsin prisoner must follow the Inmate Complaint Review System ("ICRS") process set forth in Wisconsin Administrative Code Chapter DOC 310, which begins with filing a complaint with the Institution Complaint Examiner ("ICE") within 14 days after the incident giving rise to the grievance. Wis. Admin. Code § DOC 310.07(2). The ICE may return a complaint if it does not satisfy the criteria found in § 310.07(1), (3), (4), or (5). Wis. Admin. Code § DOC 310.10(5). For example, the inmate complaint may only contain "one clearly identified issue" that the inmate seeks to raise. Wis. Admin. Code § DOC 310.07(5). Likewise, a complaint "complaint must contain sufficient information for the department to investigate and decide the complaint." Wis. Admin. Code § DOC 310.07(6). If the inmate is unsatisfied with the result, he may also file an appeal to the Corrections Complaint Examiner ("CCE") within 14 days of the date of the decision on the inmate complaint or, if the inmate does not receive a decision, 45 days after the date the ICE enters the complaint. Wis. Admin. Code §§ DOC 310.09(1), 310.11(3). The CCE reviews the underlying decision and sends

3

a recommendation to the DOC Secretary, whose decision is final. Wis. Admin. Code §§ DOC 310.12(9), 310.13(2)-(3).

Moreover, the Seventh Circuit applies a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. This means that if a prisoner failed to complete any step in the exhaustion process before bringing his lawsuit, the court must dismiss his claims. *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999). "Substantial compliance with administrative remedies" is insufficient to satisfy the exhaustion requirement. *Farina v. Anglin*, 418 F. App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001), and *Dole*, 438 F.3d at 809).

Here, defendant is entitled to summary judgment on plaintiff's excessive-force claim because, although Poff filed three inmate complaints that are potentially relevant to this lawsuit, he only briefly mentioned being sprayed with a chemical agent in *one* of them. In WSPF-2023-3701, Poff alleged that after the computer disc he was accused of stealing had been found, he should not have been "sprayed" or otherwise punished with placement in disciplinary segregation, where he attempted suicide. (Davidson Decl. Ex. 1003 (dkt. #64-4), at 11.) However, Poff did not allege that he was sprayed with a chemical agent by an officer who knew he had asthma. (*Id.*) Likewise, Poff did not mention being sprayed with a chemical agent or the use of excessive force by anyone during his appeal from the dismissal of that inmate complaint, which focused entirely on the false nature of the conduct report that Poff received. (*Id.* at 18.) Thus, even assuming that his initial grievance was sufficient to raise a claim for being sprayed, Poff failed to pursue the

4

substance of an excessive force claim during his appeal, as required for exhaustion. *Pozo*, 286 F.3d at 1024.

Still, Poff appears to contend that he satisfied the exhaustion requirement, pointing generally to the three other inmate complaints referenced by the defendant. (Dkt. #78.) However, Poff neither addresses the defendant's detailed discussion about the content of those inmate complaints, nor the fact that Poff failed to raise an excessive-force allegation in all steps of the applicable grievance process. Poff's general allegations are also insufficient to create a genuine issue of material fact. *See Bordelon v. Bd. of Educ. of the City of Chicago*, 811 F.3d 984, 989 (7th Cir. 2016) ("Rule 56 demands something more specific than the bald assertions of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." (quotation marks omitted)). Thus, the court has reviewed the inmate complaints in the record and finds them insufficient to put prison officials on notice of the Eighth Amendment excessive-force claim against the defendant. Moreover, to the extent that Poff briefly referenced being sprayed in an initial complaint (WSPF-2023-3701), he did not press that claim through all steps of the available administrative process.

Accordingly, the defendant's motion for partial summary judgment on the issue of exhaustion will be granted as to plaintiff's excessive force claim. Even so, the court will dismiss plaintiff's excessive-force claim without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). This means plaintiff can refile this claim if he can successfully exhaust it, although he will likely

find it impossible to file a proper grievance because the relevant events happened too long ago.

ORDER

IT IS ORDERED that:

1) Defendant Matthew Scullion's motion for partial summary judgment for failure to exhaust administrative remedies (dkt. #62) is GRANTED and plaintiff's claim of excessive force is DISMISSED without prejudice as set forth above.

2) Plaintiff's motion for clarification of the status of this lawsuit (dkt. #80) is DENIED as moot.

3) Any additional dispositive motions shall be due no later than October 10, 2025. If none are filed within the time allowed, the court will set the case for a scheduling conference.

Entered this 28th day of August, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge